JUDGE HOLWELL   **11 CV 1996**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED MAR 2 2 2011 U.S.D.C. S.D.N.Y. COMPLETED

| | |
|---|---|
| MARLON FUND SICAV PLC, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | |
| SHENGDATECH, INC., XIANGZHI CHEN, ANHUI GUO, and ANDREW WEIWEN CHEN, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Marlon Fund Sicav plc ("Plaintiff"), individually and on behalf of all other persons similarly situated, by its undersigned attorneys, for its Class Action Complaint against defendants, alleges upon personal knowledge as to itself and its own acts, and upon information and belief as to all other matters, based on, *inter alia*, the investigation conducted by and through its attorneys, which included, among other things: a review of the defendants' public documents; conference calls and announcements made by defendants; Securities and Exchange Commission ("SEC") filings; wire and press releases published by and regarding ShengdaTech, Inc. ("ShengdaTech" or the "Company"); securities analysts' reports and advisories about the Company; and information readily obtainable on the Internet. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a securities fraud class action, on behalf of all those who purchased or otherwise acquired the securities of ShengdaTech during the period from May 10, 2010 through and including March 14, 2011 (the "Class Period"), seeking to pursue remedies under the

Securities Exchange Act of 1934 (the "Exchange Act"). This class action is brought under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a); and SEC Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5.

2. Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, serious discrepancies in the Company's and its subsidiaries financial records and the lack of adequate internal and financial controls resulted in the Company's issuance of materially false and misleading financial results at all relevant times.

3. On March 15, 2011, the Company shocked the market with the disclosure "that it appointed a special committee of the Board of Directors to investigate potentially serious discrepancies and unexplained issues relating to the Company and its subsidiaries' financial records."

4. Upon this disclosure, Nasdaq halted trading of ShengdaTech shares at $3.55.

5. As a result of defendants' wrongful acts and omissions, and the precipitous declines in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

6. The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337 and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

2

8. Venue is proper in this District pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b). Many of the acts and transactions alleged herein, including the preparation and dissemination of materially false and misleading information, occurred in substantial part in this District.

9. In connection with the challenged conduct, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities markets.

## PARTIES

10. Plaintiff Marlon Fund Sicav plc, as set forth in the accompanying certification, incorporated by reference herein, purchased ShengdaTech securities during the Class Period, and suffered damages as a result of the Company's issuance of the false and/or misleading statements and/or material omissions challenged here.

11. Defendant ShengdaTech is a Nevada corporation with its principal executive offices located at Unit 2003 East Tower, Zhong Rong Heng Rui International Plaza, Shanghai, 200122, China. Faith Bloom Ltd. ("Faith Bloom") is a wholly-owned subsidiary of ShengdaTech. The Company manufactures and markets specialty additives. The Company's nano precipitated calcium carbonate ("NPCC") products are sold to its customers in the tire, polyvinyl chloride (PVC) building materials, ink, paint, latex, adhesive, paper and polyethylene (PE) industries. ShengdaTech serves the tire, polyvinyl chloride (PVC) building materials, ink, paint, latex, adhesive, paper and polyethylene (PE) industries. The aggregate number of shares of ShengdaTech securities outstanding as of November 5, 2010 is approximately 54 million

shares. ShengdaTech common stock is listed on the NASDAQ Stock Market ("Nasdaq") under the ticker "SDTH."

12.     Defendant Xiangzhi Chen ("X. Chen") was, at all relevant times, the Company's President, Chief Executive Officer ("CEO"), and Chairman of its Board of Directors. Mr. Chen is the founder of Faith Bloom and its subsidiaries and has served as their chairman and chief executive officer since the subsidiaries' formation in 2001. He was also the president of Shandong Shengda Technology Co., Ltd., one of Company's affiliates, from January 2003 to March 2009

13.     Defendant Anhui Guo ("Guo") has been the Company's Acting Chief Financial Officer ("CFO") since September 30, 2010, Chief Operating Officer ("COO") since April 2009, and a director since February 23, 2007. Defendant Guo had served as CFO from March 2006 to April 2009 and has served as vice president and treasurer since March 31, 2006. Defendant Guo has served as CFO of Faith Bloom Ltd. and its subsidiaries from 2001.] Defendant Guo was manager of finance of Shandong Shengda Construction Co., Ltd., one of the Company's affiliates, from January 2001 to January 2003. Defendant Guo has served as manager of finance of Shandong Shengda Technology Co., Ltd.

14.     Defendant Andrew Weiwen Chen ("A. Chen") was the Company's CFO from April 2009 through September 30, 2010, when he resigned.

15.     The defendants referenced above in ¶¶ 12 through 14 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Defendants' False and Misleading Statements**

16. On May 10, 2010, the Company filed a Form 10-Q for the first quarter ended March 31, 2010 ("1Q10") with the SEC, reporting its financial results for that quarter. The document was signed by, among others, Defendants X. Chen and A. Chen. In addition, pursuant to the Sarbanes-Oxley Act of 2002 ("SOX"), the Form 10-Q contained signed certifications by X. Chen and A. Chen, stating that the financial information contained therein was accurate, and that they disclosed any material changes to the Company's internal control over financial reporting.

17. On May 11, 2010, the Company issued a press release announcing its financial results for 1Q10, reporting net income of $6.6 million, $0.12 diluted earnings per share ("EPS"), and revenue of $30.2 million, as compared to net income of $5.3 million, $0.09 diluted sEPS and revenue of $20.7 million for the same period of the prior year.

18. On August 9, 2010, the Company filed a Form 10-Q for the second quarter ended June 30, 2010 (2Q10") with the SEC, reporting its financial results for that quarter. The document was signed by Defendants X. Chen and A. Chen. In addition, pursuant to SOX, the Form 10-Q contained signed certifications by Defendants X. Chen and A. Chen, stating that the financial information contained in the 10-Q was accurate, and that they disclosed any material changes to the Company's internal control over financial reporting.

19. On August 10, 2010, ShengdaTech issued a press release announcing its financial results for 2Q10, reporting net income of $7 million, $0.13 diluted EPS and revenue of $33.2 million, as compared to net income of $6.5 million, $0.12 diluted EPS, and revenue of $26 million for the same period of the prior year.

20. On November 8, 2010, ShengdaTech issued a press release announcing its financial results for the third quarter ended September 30, 2010 ("3Q10"), reporting net income of $7 million, $0.13 diluted EPS, and revenue of $34.4 million,, as compared to a net income of $4.6 million, or $0.09 diluted EPS and revenue of $25.4 million for the same period of the prior year.

21. On November 8, 2010, the Company filed a Form 10-Q for the 3Q10 with the SEC, reporting its financial results for that quarter. The document was signed by Defendants X. Chen and Guo. In addition, pursuant to the SOX, the Form 10-Q contained signed certifications by Defendants X. Chen and Guo, stating that the financial information contained in the 10-Q was accurate, and that they disclosed any material changes to the Company's internal control over financial reporting.

22. The statements referenced above in ¶¶ 16-22 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts, which were known to defendants or recklessly disregarded by them:: (1) the Company had serious discrepancies and unexplained issues relating to its and its subsidiaries' financial records; (2) the Company lacked adequate internal and financial controls; and (3) that, as a result of the foregoing, the Company issued financial results which were materially false and misleading at all relevant times.

**The Truth Emerges**

23. On March 15, 2011, the Company disclosed "that it had appointed a special committee of the Board of Directors to investigate potentially serious discrepancies and unexplained issues relating to the Company and its subsidiaries' financial records identified by the Company's auditors in the course of their audit of the consolidated financial statements for

6

the fiscal year ended December 31, 2010." Consequently, "the Company will not be able to file its Annual Report on Form 10-K in a timely manner."

24. As a result of the Company's disclosure, Nasdaq halted trading of ShengdaTech shares at $3.55 per share.

25. On March 18, 2011, the Company issued a press release revealing:

> [O]n March 16, 2011, it received a letter from the Listing Qualifications Department of The Nasdaq Stock Market ("Nasdaq") advising the Company that due to its inability to file its Annual Report on Form 10-K for the fiscal year ended December 31, 2010 with the Securities and Exchange Commission in a timely manner, the Company is not in compliance with Nasdaq Listing Rule 5250(c)(1). The Company also received a request for information and documents from the Listing Investigation Department of Nasdaq.
>
> . . .
>
> Nasdaq has requested that the Company submit, prior to March 31, 2011, a plan to regain compliance. If Nasdaq accepts the Company's plan, Nasdaq can grant up to 180 calendar days from March 31, 2011, to regain compliance. The Company currently intends to submit a plan to regain compliance with the Nasdaq Listing Rules and a response to the information and document request as soon as reasonably practicable.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf a Class of all persons who purchased or acquired ShengdaTech securities during the Class Period (the "Class"). Excluded from the Class are defendants herein, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest.

27. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, ShengdaTech securities were actively traded on the Nasdaq. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by ShengdaTech or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

28. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

29. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

30. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by defendants' acts as alleged herein;
- whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations, financial condition, and prospects of ShengdaTech;
- whether the Individual Defendants caused ShengdaTech to issue false and misleading financial statements during the Class Period;
- whether defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of ShengdaTech securities during the Class Period were artificially inflated because of the defendants' conduct complained of herein; and

- whether the members of the Class sustained damages when the truth began to be disclosed and, if so, what is the proper measure of damages.

31. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

32. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- ShengdaTech securities are traded in efficient markets;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the Nasdaq, and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased and/or sold ShengdaTech securities between the time the defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

33. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

## CLAIMS FOR RELIEF

### COUNT I

**(Against All Defendants For Violations of
Section 10(b) And Rule 10b-5 Promulgated Thereunder)**

34.     Plaintiff re-alleges each and every allegation contained above as if fully set forth herein.

35.     This Count is asserted against all defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5.

36.     During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of ShengdaTech securities; and (iii) cause Plaintiff and other members of the Class to purchase ShengdaTech securities at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

37.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for ShengdaTech securities.  Such reports, filings, releases and statements

10

were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about ShengdaTech's finances and business prospects.

38.  By virtue of their positions at ShengdaTech, defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants.  Said acts and omissions of defendants were committed willfully or with reckless disregard for the truth.  In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

39.  Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order to personally benefit from the sale of ShengdaTech securities from their personal portfolios.

40.  Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control.  As the senior managers and/or directors of ShengdaTech, the Individual Defendants had knowledge of the details of ShengdaTech internal affairs.

41.  The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of ShengdaTech.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to

ShengdaTech's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of ShengdaTech securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning ShengdaTech's business and financial condition which were concealed by defendants, Plaintiff and the other members of the Class purchased ShengdaTech securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities, and/or upon statements disseminated by defendants and were damaged thereby.

42. During the Class Period, ShengdaTech securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased shares of ShengdaTech securities at prices artificially inflated by defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased said shares, or would not have purchased them at the inflated prices that were paid. At the time of the purchases by Plaintiff and the Class, the true value of ShengdaTech securities were substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of ShengdaTech securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

43. By reason of the conduct alleged herein, defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

44. As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## COUNT II

### (Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)

45. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46. (a) During the Class Period, the Individual Defendants participated in the operation and management of ShengdaTech, and conducted and participated, directly and indirectly, in the conduct of ShengdaTech's business affairs. Because of their senior positions, they knew the adverse non-public information about ShengdaTech's misstatement of income and expenses and false financial statements.

(b) As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to ShengdaTech's financial condition and results of operations, and to promptly correct any public statements issued by ShengdaTech which had become materially false or misleading.

(c) Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which ShengdaTech disseminated in the marketplace during the Class Period concerning ShengdaTech's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause ShengdaTech to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of ShengdaTech within the meaning of Section 20(a) of the Exchange Act. In this

capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of ShengdaTech securities.

47. Each of the Individual Defendants, therefore, acted as a controlling person of ShengdaTech. By reason of their senior management positions and/or being directors of ShengdaTech, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause ShengdaTech to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of ShengdaTech and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

48. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by ShengdaTech.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative and Plaintiff's Counsel, Pomerantz Haudek Block Grossman & Gross LLP as Class Counsel;

B. Awarding compensatory damages in favor of Plaintiff and the other class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs;

D. Awarding rescissionary damages; and

E.   Awarding such equitable, injunctive or other relief as this Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury of all issues that may be so tried.

Dated: March 22, 2011

Respectfully Submitted,

**POMERANTZ HAUDEK
GROSSMAN & GROSS, LLP**

By: _____
Marc I. Gross
Jeremy A. Lieberman
100 Park Avenue, 26th Floor
New York, New York 10017-5516
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
migross@pomlaw.com
jalieberman@pomlaw.com

**POMERANTZ HAUDEK
GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Phone: 312-377-1181
Fax: 312-377-1184
pdahlstrom@pomlaw.com

*Counsel for Plaintiff*

CERTIFICATION PURSUANT
TO FEDERAL SECURITIES LAWS

1. I, _Luc Sitbon_, on behalf of Marlon Fund Sicav Plc ("Marlon Fund") make this declaration pursuant to Section 21D(a)(2) of the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995. I have authority to commence this action on behalf of Marlon Fund.

2. I have reviewed a Complaint against ShengdaTech, Inc. ("ShengdaTech"), and authorize the filing of a comparable complaint on behalf of Marlon Fund.

3. Marlon Fund did not purchase ShengdaTech securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Exchange Act of 1934.

4. Marlon Fund is willing to serve as a representative party on behalf of a Class of investors who purchased ShengdaTech during the class period, including providing testimony at deposition and trial, if necessary. Marlon Fund understands that the Court has the authority to select the most adequate lead plaintiff in this action.

5. To the best of my current knowledge, the attached sheet lists all of Marlon Fund's transactions in ShengdaTech securities during the Class Period as specified in the Complaint.

6. During the three-year period preceding the date on which this Certification is signed, Marlon Fund has not sought to serve as a representative party on behalf of a class under the federal securities laws.

7. Marlon Fund agrees not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond its pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is

true and correct.

Executed <u>22/03/11</u>, at <u>London, UK</u>
        (Date)             (City, State)

                                            _____
                                                   (Signature)

                                            LUC   SITBON
                                            (Type or Print Name)

                                            DIRECTOR
                                            (Title)

<u>SUMMARY OF PURCHASES AND SALES</u>

| DATE | PURCHASE OR SALE | NUMBER OF SHARES | PRICE PER SHARE |
|---|---|---|---|
| 09-Aug-10 | BUY | 10,000 | 4.6675 |
| 16-Aug-10 | BUY | 5,000 | 4.5909 |
| 01-Sep-10 | BUY | 5,000 | 4.4884 |
| 04-Oct-10 | BUY | 10,000 | 5.24 |
| 07-Oct-10 | Buy | 10,000 | 5.5 |
| 24-Nov-10 | SELL | 3,931 | 6.0899 |
| 26-Nov-10 | SELL | 6,069 | 6.0101 |
| 13-Dec-10 | SELL | 4,800 | 5.0199 |
| 25-Jan-11 | BUY | 5,000 | 4.1782 |
| 08-Mar-11 | SELL | 10,000 | 4.0102 |
| 14-Mar-11 | BUY | 10,000 | 3.5418 |