UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------x
                                       :

| | |
|---|---|
| JAMES THOMAS TURNER, Individually and on Behalf of All Others Similarly Situated   : | 11 Civ. 1918 (TPG) |
|    : | **<u>OPINION</u>** |
|    : | |
| Plaintiff,   : | |
|    : | |
| - against -   : | |
|    : | |
|    : | |
| SHENGDATECH, INC., et al.,   : | |
|    : | |
| Defendants.   : | |
|    : | |

-------------------------------------------x

| | |
|---|---|
| MARLON FUND SICAV PLC, Individually and on Behalf of All Others Similarly Situated   : | 11 Civ. 1996 |
|    : | |
| Plaintiff,   : | |
|    : | |
| - against -   : | |
|    : | |
| SHENGDATECH, INC., et al.,   : | |
|    : | |
| Defendants.   : | |

-------------------------------------------x

```
-------------------------------------x
                                     :
ERIK S. MATHES, Individually and on  :        11 Civ. 2064
Behalf of All Others Similarly Situated :        **OPINION**
                                     :
              Plaintiffs,            :
                                     :
           - against -               :
                                     :
                                     :
SHENGDATECH, INC., et al.,           :
                                     :
              Defendants.            :
                                     :
                                     :
-------------------------------------x
                                     :
DONALD D. YAW and EDWARD J.          :        11 Civ. 3325
SCHAUL, Individually and on Behalf of :
All Others Similarly Situated        :
                                     :
              Plaintiffs,            :
                                     :
           - against -               :
                                     :
                                     :
SHENGDATECH, INC., et al.,           :
                                     :
              Defendants.            :

-------------------------------------x
```

In these related cases, plaintiffs bring securities class actions on behalf of all persons who purchased the common stock of ShengdaTech, Inc. ("ShengdaTech") during certain periods of time. Plaintiffs allege that ShengdaTech and three of its senior executives violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5.

Plaintiffs Marlon Fund SICA V PLC ("Marlon"), Thomas Loomis

("Loomis"), Shula Shada and Aliza Peretz ("the Shadas"), and Edward Schaul and Donald Yaw ("Schaul and Yaw") now move to consolidate the various actions. In addition, each set of plaintiffs moves for appointment as lead plaintiff in the resulting action pursuant to the Private Securities Litigation Reform Act ("PSLRA"). Lastly, they seek approval of their respective counsel as lead counsel for the consolidated action.

The court grants the motion to consolidate, appoints plaintiffs Schaul and Yaw as lead plaintiffs, and approves their selection of Robbins, Geller, Rudman, and Dowd, L.L.P. ("Robbins Geller") as lead counsel.

## BACKGROUND

Between 2008 and 2011, the common stock of ShengdaTech, a Nevada corporation based in Shanghai, China, was traded on the NASDAQ Stock Market. In this time, ShengdaTech filed numerous quarterly and annual earnings reports with the Securities and Exchange Commission ("SEC") and issued many public statements related to its earnings.

On March 15, 2011, ShengdaTech announced the formation of a special committee of its Board of Directors to investigate financial discrepancies unearthed by its auditors during their examination of records for the year ending on December 31, 2010.  It also announced the hiring of independent counsel to initiate the investigation and delayed its required disclosures to the SEC. As a result, trading in ShengdaTech's common stock was suspended, and NASDAQ ultimately delisted the company on April 29, 2011.

On May 5, 2011, ShengdaTech notified the SEC that its longtime auditor, KPMG, had resigned due to the failure of ShengdaTech's board of directors to take appropriate remedial actions to address the fiscal discrepancies KPMG had previously identified.  In the course of its resignation, KPMG also declared that ShengdaTech should take action to prevent future reliance on KPMG's audit reports for the years 2008 and 2009.

On March 18, 2011, plaintiff James Thomas Turner filed the first class action in this court against ShengdaTech and its senior executives on behalf of all purchasers of ShengdaTech common stock from March 15, 2010 to March 1, 2011. The complaint alleges that ShengdaTech and its officers violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, by materially misrepresenting the company's financial position in regulatory filings and public statements, thus artificially inflating the value of the company's common stock and causing losses to purchasers who bought and held the stock before the revelation of ShengdaTech's financial irregularities.

On March 18, 2011, plaintiff's counsel Robbins Geller, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), published notice of the Turner action in *Business Wire*. This notice specified that, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i)(II), persons wishing to serve as lead plaintiff were to so move in this action within sixty days of the published notice.

During the subsequent sixty-day period, three related class actions were filed in this court: Turner v. ShengdaTech, Inc. (11 Civ. 1918); Marlon Fund

SICA V PLC v ShengdaTech, Inc. (11 Civ. 1996); Mathes v. ShengdaTech, Inc. (11 Civ. 2064); and Yaw v. ShengdaTech, Inc. (11 Civ. 3325). The last of these— the action instituted on May 17, 2011 by plaintiffs Schaul and Yaw through Robbins Geller—alleges a class period of May 7, 2008 through March 15, 2011. On that same day, plaintiffs Marlon, Loomis, the Shadas, and Yaw and Schaul moved for consolidation and for appointment of lead plaintiff. In addition, the Shadas argue that the court—unless it appoints them lead plaintiff—should stay the consolidated action on the ground that the expansion of the class period in the Yaw complaint is so substantial as to require a second round of notice under the PSLRA followed by another sixty-day waiting period to permit other potential lead plaintiffs to come forward.

**Discussion**

Motion to Consolidate

Fed. R. Civ. P. 42(d) provides that the court may consolidate questions that involve common questions of law and fact. It is clear that the actions currently before the court should be consolidated, as each employs the same facts to make substantially similar allegations. While the Schaul and Yaw complaint reaches a longer class period, it employs the same legal theories that underlie the suits with a shorter class period.

Request for New Notice

As already described, the Shadas argue that the Schaul and Yaw complaint so expands the class period of the first-filed case as to warrant a stay in this action for a second round of PSLRA notice.

The PSLRA lays out a detailed regime governing the form and timing of notice for securities class actions:

> i) Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class--I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class. (ii) Multiple actions. If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published in accordance with clause (i).

15 U.S.C. § 78u-4(a)(3)(A) (2011).

Courts, however, disfavor republication of notice under PSLRA when a class period is extended beyond the period contained in the first-filed securities class action. See Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., No. 05 Civ. 1898, 2005 WL 1322721 at *2 (S.D.N.Y. June 1, 2005); Lax v. First Merchs. Acceptance Corp., No. 97 Civ. 271, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). This antagonism derives from the text of the law, which specifies that where a later action asserts substantially the same claim as a first-filed action, "only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be

published." 15 U.S.C. § 78u-4(a)(3)(A)(ii) (2011).

Here, the Schaul and Yaw action proceeds against the same defendants as the first-filed Turner action, relies on the same legal theories as that action, and concerns the same type of securities as that action. All told, potential lead plaintiffs in this case were adequately notified of the nature of the claims against ShengdaTech by the notice of the Turner action published on March 18, 2011 in *Business Wire*, despite the shorter purported class period of that action. Consequently, the court holds that the Schaul and Yaw action is substantially similar to the first-filed Turner action, such that the March 18, 2011 notice satisfied the requirements of the PSLRA. Accord Greenberg v. Bear Stearns & Co., Inc., 80 F.Supp.2d 65, 69 (E.D.N.Y. 2000).

Appointment of Lead Plaintiff

The court must "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA subsequently refers to this party as "the most adequate plaintiff." Id.  Under the law, the most adequate plaintiff is rebuttably presumed to be:

> the person or group of persons that (aa) has either filed the complaint or made a motion in response to notice...; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
>
> Id.

Rule 23, of course, provides that a class member may sue to represent a class when:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class;(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. Proc. 23(a) (2011).

When appointing a lead plaintiff pursuant to the PSLRA, courts focus on the typicality and adequacy prongs of Rule 23. See In re Fuwei Films, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). A plaintiff's claim is typical when it arises from the same events and is pursued under the same legal theories as the claims of all class members. See Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590, 598 (2d Cir. 1986). Secondly, the "adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class...and has retained counsel that is capable and qualified to vigorously represent the interests of the class...." Glauser v. EVCI Center Colleges Holding Corp., 236 F.R.D. 184, 189 (S.D.N.Y. 2006).

Finally, even if the PSLRA's requirements are met, the presumptively most adequate plaintiff can be disqualified upon a showing that it "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (2011).

In this case, a single factor—the extent of the possible lead plaintiffs' financial interest in this litigation—is dispositive.  All possible lead plaintiffs

satisfy the other criteria for most adequate plaintiff.  As purchasers of Shengdatech common stock on the liquid and efficient NASDAQ stock exchange, all plaintiffs assert substantially identical fraud-on-the-market claims, all of which satisfy the typicality requirement. Moreover, it appears that the potential lead plaintiffs have chosen counsel who can vigorously represent the class and are not conflicted with respect to it. Lastly, no movant claims that another is incapable of representing the class or is subject to a unique defense. Hence, the most adequate plaintiff in this case is that with the largest financial interest in the relief sought by the class.

The PSLRA does not specify how a court is to determine which plaintiff possesses the largest financial interest in the litigation. Courts naturally take the position that usually financial interest relates to the total amount of loss suffered. See In re Espeed, Inc. Sec. Litig., 232 F.R.D. 95, 100 (S.D.N.Y. 2005). Marlon and Loomis concede that, under any calculation, they lost less than Schaul and Yaw. While the Shadas initially claimed to have suffered greater losses than Schaul and Yaw, they have withdrawn this claim in their most recent filings with the court and instead base their opposition to the appointment of Schaul and Yaw on the notice argument addressed above. For reasons indicated above, the court will not base its decision on this factor. Consequently, Schaul and Yaw are appointed lead plaintiffs.

In addition, the court approves Schaul and Yaw's choice of Robbins Geller as lead counsel, since the firm has substantial experience and

expertise in this sort of litigation.

## Conclusion

For the foregoing reasons, the motions to consolidate are granted. Schaul and Yaw's motion to be appointed lead plaintiffs is granted, and their counsel Robbins, Geller, Rudman, and Dowd, L.L.P. will be lead counsel.

The docket in Case No. 11-CV-1918 (TPG) will constitute the Master Docket for this action, and the consolidated action will bear the name *In re ShengdaTech, Inc. Securities Litigation.*

Dated: New York, New York
      December 6, 2011

Thomas P. Griesa